**Andre Ramon CRAVER, Plaintiff—Appellant,**

v.

**Lisa Maria FRANCO, Defendant—Appellee.**

No. 08–16376.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 7, 2009.

Andre Ramon Craver, Susanville, CA, pro se.

Christine Esther Jacobs, Esquire, Jason Jerrold Sommer, Esquire, Hansen Culhane Kohls Jones and Sommer LLP, Roseville, CA, for Defendant–Appellee.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Andre Ramon Craver, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action as barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and from the order setting aside the default entered against defendant. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under *Heck*. *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir.2007). We review for an abuse of discretion a decision to set aside the entry of default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir.1994). We affirm.

The district court properly dismissed the action because a judgment in Craver's favor would necessarily imply the invalidity of his conviction, and the conviction has not been invalidated. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364.

The district court did not abuse its discretion by granting defendant's motion

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to set aside the entry of default because the record supports the district court's conclusions that defendant's conduct was not culpable, defendant had a meritorious defense, and setting aside the default would not prejudice Craver. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697–701 (9th Cir.2001) (discussing factors); *see also O'Connor*, 27 F.3d at 364 (explaining that the district court's discretion is especially broad where the issue is whether to set aside the entry of default rather than default judgment).

The district court also did not abuse its discretion by denying Craver's motion for sanctions. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir.1995) (providing standard of review).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.